**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MR. MAURICE GAY, | : | |
| | : | Civil Action No. 10-6221 (FSH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNIPACK, INC. | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

Plaintiff <u>pro se</u>
Maurice Gay
Trenton State Prison
P.O. Box 861
Trenton, NJ  08625

**HOCHBERG**, District Judge

Plaintiff Maurice Gay, a prisoner currently confined at Trenton State Prison in Trenton, New Jersey, seeks to bring this action <u>in forma pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights.  Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in forma pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I.   BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

Plaintiff alleges that Defendant Unipack, Inc., located at Belleville, New Jersey, distributed some bad soap which caused him to develop boils.  He seeks damages in the amount of $400,000.00.

## II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

in the light most favorable to the plaintiff." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to "suggest" a basis for liability. Spruill v. Gillis, 372 F.3d 218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007) (citations omitted). See also Morse v. Lower Merion School Dist., 132 F.3d at 906 (a court need not credit a pro se plaintiff's "bald assertions" or "legal conclusions").

A pro se complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines, 404 U.S. at 521 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Milhouse v. Carlson, 652 F.2d 371, 373 (3d Cir. 1981). Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with

3

prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

IV.   ANALYSIS

Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992).  If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation.  Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, supra, 803 F. Supp. at 997; Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power. See First American Nat'l Bank v. Straight Creek Processing Co., 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).  This complaint does not appear to meet the requirements for either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." Although Plaintiff asserts that his claims arise under 42 U.S.C. § 1983, thus invoking § 1331 federal-question jurisdiction, the facts pleaded by him reveal no claim arising under federal law and no state actor.

The basis of Plaintiff's action, instead, is that a non-governmental corporation distributed a defective product that caused him an injury. These factual allegations do not suggest the violation of a right secured by the Constitution or laws of the United States. At most, these allegations suggest a tort claim under state law.

In addition, "the under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted). Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has caused it to be performed." Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001). Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as

that of the State itself.'" Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment.  See Mark v. Borough of Hatboro, 51 F.3d 1137, 1141 (3d Cir. 1995), cert. denied 516 U.S. 858 (1995) (citing United States v. Price, 383 U.S. 787, 794 n.7 (1966); Lugar v. Edmondson Oil Co., 457 U.S. 922, 928 (1982); Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982)).  State action exists under § 1983 only when it can be said that the government is responsible for the specific conduct of which a plaintiff complains.  Mark, 51 F.3d at 1141-42.  "Put differently, deciding whether there has been state action requires an inquiry into whether 'there is a sufficiently close nexus between the State and the challenged action of [the defendants] so that the action of the latter may fairly be treated as that of the State itself.'"  Id. at 1142 (quoting Blum v. Yaretsky, 457 U.S. 991, 1004 (1982)).

A private entity can be sued under § 1983 where (1) it "has exercised powers that are traditionally the exclusive prerogative of the State, Mark, 51 F.3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, Adickes v. S.H. Kress & Co., 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute

7

his judgment for that of the State, Cruz v. Donnelly, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, Edmonson v. Leesville Concrete Co., Inc., 500 U.S. 614, 620 (1991); Mark, 51 F.3d at 1143. See also DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); Van Ort v. Estate of Stanewich, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals . . . have no right to be free from infliction of [constitutional] harm by private actors"), cert. denied , 519 U.S. 1111 (1997); Jones v. Arbor, Inc., 820 F. Supp. 205, 208 (E.D. Pa. 1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state so as effectively to be an instrumentality of the state). Here, Plaintiff alleges no facts that would permit this Court to find that Unipack, Inc., acted under color of state law within the meaning of § 1983 when it distributed its soap. Thus, there is no basis for federal-question jurisdiction under 28 U.S.C. § 1331.

Nor can this Court discern any basis for exercising diversity jurisdiction under 28 U.S.C. § 1332. Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different

8

States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. Owen Equipment and Erection Co. v. Kroger, 437 U.S. 365 (1978).

A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states." American Motorists Ins. Co. v. American Employers' Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction"). Here, however, Plaintiff alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the defendant.

A corporation is "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c). Although Plaintiff has listed a New Jersey address for Unipack, Inc., he has failed to allege either that Unipack, Inc., is incorporated in New Jersey or that it has its principal place of business in New Jersey.

9

>    Specifically with respect to individuals, in addition,
>
>    For purposes of determining diversity, state citizenship is equated with domicile. Domicile, however, is not necessarily synonymous with residence; one can reside in one place and be domiciled in another. Residence and an intent to make the place of residence one's home are required for citizenship and to establish a new domicile. Although the analysis is necessarily case specific, courts have looked to certain factors, including state of employment, voting, taxes, driver's license, bank accounts and assets, and civic and religious associations in determining the citizenship of an individual. ...

McCracken v. Murphy, 328 F.Supp.2d 530, 532 (E.D. Pa. 2004) (citations omitted), aff'd, 129 Fed.Appx. 701 (3d Cir. 2005). "For inmates, citizenship for diversity purposes is the state in which the inmate was domiciled prior to incarceration, unless the inmate plans to live elsewhere when he is released in which event citizenship would be that state." McCracken, 328 F.Supp.2d at 532 (citing Flanagan v. Shively, 783 F.Supp. 922, 935 (E.D. Pa.), aff'd, 980 F.2d 722 (3d Cir. 1992)). Plaintiff has alleged no facts regarding his own citizenship. The fact of incarceration in New Jersey is not sufficient, of itself, to establish citizenship in New Jersey.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action. "The person asserting jurisdiction bears the burden of showing

that the case is properly before the court at all stages of the litigation."  Packard v. Provident Nat'l Bank, supra, 994 F.2d at 1045.  For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings.  Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business).  Thus, in the present case, where the complaint is silent as to the citizenships of the parties, dismissal for lack of jurisdiction is proper.  See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

## V.  CONCLUSION

Because Plaintiff is appearing pro se, and because Plaintiff may be able to plead facts sufficient to demonstrate that this Court has subject matter jurisdiction to entertain this action, the Court will order Plaintiff to show cause why this action should not be dismissed for lack of subject matter jurisdiction. An appropriate order follows.

s/ Faith S. Hochberg
Faith S. Hochberg
United States District Judge

Dated: October 20, 2011